## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORLANDO  CRUZ | : | CIV. NO. |
| | : | |
| Plaintiff, | : | 02-3418 |
| | : | |
| v. | : | |
| | : | |
| LT. WOERTZ  , | : | |
| POLICE OFFICER KELLY, POLICE | : | |
| OFFICER ACQUAVIVA, and POLICE | : | |
| OFFICER FRYSINGER, | : | |
| Defendants. | : | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to Local Rule 16.1(d)(4)(a), Defendants hereby submit the proposed jury instructions

on substantive points of law only, and requests instructions on the following "familiar" points of

law.  Defendants reserve the right to supplement this list.

Credibility of Witnesses
Credibility of Witnesses-Right to Disregard Testimony
Credibility of Witnesses-Inconsistent Statements
Number of Witnesses
Province of the Jury
Function of the Court
Proximate Cause
Burden of Proof-Preponderance of the Evidence
False in One, False in All

Respectfully Submitted,

_____
Robin B. Arnold
Deputy City Solicitor
Attorney I.D. #59477
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
(215) 683-5347 (Fax)

Dated: 10/27/03

## PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983

42 U.S.C. § 1983 provides:   "Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983.

## §1983 ACTIONS-ELEMENTS OF LIABILITY

In order for plaintiff to be able to recover damages under 42 U.S.C. § 1983, the plaintiff must prove by a preponderance of the evidence all of the following facts:

(a)     that the defendant knowingly deprived him of his rights;

(b)     that when the plaintiff was deprived of his rights, the defendant was acting under the color of state law;

(c)     that the defendant was responsible for actions of which the plaintiff complains;

(d)     and that the actions complained of were the proximate cause of damage to the plaintiff.

City of Oklahoma v. Tuttle, 471 U.S. 808, 105 S. Ct. 2427 (1985)

**FOURTH AMENDMENT**

The Fourth Amendment of the Constitution of the United States provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized."  U. S.  Const. Amend.  IV.

## **EXCESSIVE FORCE**

Plaintiff claims that he was subjected to excessive force by the Defendants in effecting his arrest.  Plaintiff's claims of excessive force must be analyzed under the reasonableness standard of the 4th Amendment.  Graham v. Connor , 490 U. S. 386 (1989).

A police officer has the inherent right to use force to effectuate the arrest of persons suspected of a crime.  Therefore, you must consider whether the particular use of force to effectuate the arrest of persons suspected of a crime was reasonable.  The particular use of force in this case must be "judged from the perspective of a reasonable officer on the scene... not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment."  Graham v. Connor,  490 U. S. 386, 396 (1989).

Your analysis of the reasonableness of the force used is an objective one, and you must consider all the circumstances of the case, including, among other things:  the severity of the crime; whether the suspect poses an immediate threat to the safety of the officers or others, and whether the individual seized is resisting arrest or attempting to evade arrest.  Graham, 490 U.S. at 397.

Your consideration of the reasonableness of the force used must be undertaken "without regard to [the officers'] underlying intent or motivation."  Graham, 490 U.S. at 397.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene and its calculus must embody an allowance for the facts that police officers are often forced to make split second decisions about the amount of force necessary in a particular situation.  Graham, 490 U.S. 386 (1989).

**USE OF FORCE – JUSTIFICATION**

Under Pennsylvania law, a Police Officer need not retreat or desist from efforts to make a lawful arrest because of resistance to the arrest.  He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest.

18 Pa.C.S.A. § 508 (Purdon 1983); Belcher v. U.S., 511 F. Supp. 476, 484, 485 (E.D. Pa.1981).

**EVIDENCE OF CONVICTION OF A CRIME**

Under Pennsylvania law, operative facts necessary for criminal convictions are admissible as conclusive facts in civil suits arising from the same events and circumstances.  <u>DiJospeh v. Vuotto</u>, 968 F.Supp. 244, 247 (E.D. Pa. 1997), <u>citing</u> <u>Folino v. Young</u>, 523 Pa. 532, 568 A.2d 171, 172 (1990); <u>Commonwealth v. Mitchell</u>, 517 Pa. 203, 535 A.2d 581, 585 ("criminal conviction[s] may be used to establish the operative facts in a subsequent civil case based on those same facts").

In this case the Plaintiff was convicted of simple assault following his arrest on June 4, 2000.  Therefore, you must accept as conclusive the operative facts which form the basis of the Plaintiff's convictions for this crime.

## ELEMENTS OF ASSAULT

Under Pennsylvania law, a person is guilty of assault if he or she

(1)  attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(3)  attempts by physical menace to put another in fear of imminent serious bodily injury

18 Pa.C.S.A. Section 2702(a)

## POLITICAL SUBDIVISION TORT CLAIMS ACT

The next claims brought by plaintiff are under the laws of the Commonwealth of Pennsylvania. As you consider these claims, I instruct you that because the defendants are employees of the City of Philadelphia, the plaintiff must establish an additional element of each cause of action in order to prevail against them. In addition to the elements of each claim, the plaintiff must establish that the defendants' actions constituted willful misconduct. 42 Pa. C.S. § 8550. Under Pennsylvania law, "willful misconduct" means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue. This, of course, would necessarily entail actual prior knowledge of the [harm]. Evans v. Philadelphia Transportation Company, 418 Pa. 567, 574, 212 A.12d 440, 443 (1965). See also Williams v. City of Philadelphia, 131 Pa. Cmwlth. 71, 569 A.2d 419 (1990). Willful misconduct means that an officer's tortuous behavior may be characterized as willful misconduct only when an officer subjectively intends to do something he knows is wrongful. Renk v. City of Pittsburgh, 641 A.2d 289 (Pa. 1994); Fullard v. City of Philadelphia, No. CIV. A. 95-4949, 1996 WL 195388 (E.D. Pa. April 22, 1996).

## ASSAULT AND BATTERY: DEFINITION

An assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed where a person intentionally makes a harmful or offensive contact with another.  Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 293 (1994); Cucinotti v. Ortmann, 399 Pa. 26, 159 A.2d 216 (1960).

**ASSAULT AND BATTERY-JUSTIFICATION**

A police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty.  In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest.  The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery.  <u>Renk</u>, 641 A.2d at 293.

**LIABILITY FOR STATE LAW CLAIMS**

In this case, Defendants were acting as municipal employees. In order to find either Defendant liable, therefore, you must find not only that the Defendant committed an assault and/or battery, but you must also find that their actions constituted a crime, fraud, or willful misconduct.

42 Pa.C.S. Section 8550.

**DAMAGES**

Under 42 U.S.C. § 1983, the plaintiff is only entitled to those actual or compensatory damages substantially caused by the actions of the defendant. See Memphis Community School District v. Strachura, 477 U.S. 299, 106 S. Ct. 2537 (1986).  The purpose of actual/compensatory damages is to compensate the plaintiff for the specific wrong, not to deter future violations of his civil rights. Carey v. Piphus, 435 U.S. 247 (1978).

A finding of a direct causal link, or proximate cause must support any award for actual/compensatory damages. "Proximate cause" may be defined as that which in a natural and continuous sequence, unbroken by an intervening cause, produces the injury, and without which the result would not have occurred." Taylor v. Allis Chalmers Manufacturing Company, 320 F.Supp. 1381, 1388 (E.D. Pa. 1969), Aff'd, 437 F.2d 416 (3rd Cir. 1970).

**DAMAGES (continued)**

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case that he has sustained as a proximate result of the incident.

You are not permitted to award speculative damages, or damages based on emotion. You are therefore not permitted to include in any verdict compensation for any prospective loss, which, although possible, is not reasonably certain to occur in the future. 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Civil, § 85.14 (4th Ed. 1987).

**DAMAGES (continued)**

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the incident in question.  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Civil, §85.15 (4th Ed. 1987).

## DAMAGES FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The hallmark of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tortfeasor. Kazatsky v. King David Memorial Park, Inc., 515 Pa. 183, 527 A.2d 988, 991 (1987). In order to recover on this claim, the Plaintiff must establish that Mr. Sciulli's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community". Kazatsky, 527 A.2d at 992, citing Restatement (Second) of Torts §46 comment d (1965).

In order to recover on a claim of intentional infliction of emotional distress, plaintiff must offer objective proof, with competent medical evidence, that he actually suffered the claimed distress. Hunger v. Grand Central Sanitation, 447 Pa.Super. 575, 670 A.2d 173, 177 (1996). A plaintiff must prove the existence of the alleged emotional distress by competent medical evidence. Kazatsky, 527 A.2d at 995. You are instructed that Plaintiff is not entitled to damages on this claim, since he has not presented the evidence required as a matter of law to recover on this claim.

## <u>DAMAGES FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

A cause of action exists for negligent infliction of emotional distress exists in only two circumstances:   (1) where a close family member experiences contemporaneous sensory observance of physical injuries being inflicted on another family member, or (2) where the plaintiff nearly experiences physical impact because he was in the zone of danger of the defendant's tortious conduct.  <u>Hunger</u>, 575 A.2d at 585.  Clearly, neither situation exists in this case.  Therefore, as a matter of law the Plaintiff cannot recover damages for this claim.

## PUNITIVE DAMAGES

Plaintiff is only entitled to punitive damages under 42 U.S.C.§1983 if you find that the action of the defendants were deliberate or willful, or made in reckless disregard of the plaintiff's rights.  Smith v. Wade, 461 U.S. 30 (1983); Adickes v. S.H. Kress and Co., 398 U.S. 44 (1970); Cochetti v. Desmond, 572 F.2d 102 (3d Cir. 1978).

**PUNITIVE DAMAGES (continued)**

In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence in the case that the plaintiff is entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of the defendant, which proximately caused actual injury or damages to the plaintiff, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously" done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or failure to act is "wantonly" done if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or failure to act is "oppressively" done if done in a way or manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.  Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that the defendant's act or omission, which proximately caused actual damage to the plaintiff, was

maliciously or wantonly or oppressively done; but you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the plaintiff a verdict for actual or compensatory damages.  And you should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reasons, and must never be either awarded, or fixed in amount, because of any sympathy or bias or prejudice with respect to any party to the case.  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Civil, §85.19 (4th Ed. 1987).

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORLANDO  CRUZ | : | CIV. NO. |
| | : | |
| Plaintiff, | : | 02-3418 |
| | : | |
| v. | : | |
| | : | |
| LT. WOERTZ, | : | |
| POLICE OFFICER KELLY, POLICE | : | |
| OFFICER ACQUAVIVA, and POLICE | : | |
| OFFICER FRYSINGER, | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, ROBIN B. ARNOLD, hereby certify that on the date below, I served a true and correct copy of Defendants' Jury Instructions upon counsel listed below by first-class United States Mail, postage prepaid.

Jay S. Gottlieb, Esq.
The Robinson Building
42 S. 15th Street Suite 1313
Philadelphia, PA 19102

BY**:** _____
ROBIN B. ARNOLD
Deputy City Solicitor
1515 Arch Street, 14thFloor
Philadelphia, PA  19102

DATE**:**  10/27/03